**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: June 7, 2022
Date Decided: June 9, 2022

Richard P. Rollo, Esq.
Kevin M. Gallagher, Esq.
Travis S. Hunter, Esq.
Nicole M. Henry, Esq.
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Ms. Laura Tyler Perryman
1521 Alton Rd., Suite 417
Miami Beach, FL 33139

RE: *Stimwave Technologies Incorporated v. Laura Tyler Perryman, et al.*, C.A. No. 2019-1003-SG

Dear Counsel and Ms. Perryman:

This Letter Opinion is explanatory of the Order, attached, denying certification of an interlocutory appeal, sought by Ms. Perryman, from my Rulings of the Court on May 4, 2022,[1] styled by Ms. Perryman as "denying Defendants' Motions to Vacate the Status Quo Order . . . and reference to alleged contempt."[2]

---

[1] *See* Tr. of 5.4.22 Telephonic Rulings of the Ct. on Mot. for Leave to Amend the Compl., Mot. for J. on the Pleadings, Mot. for Protective Order, and Mot. to Expedite Proceedings in 2021-0553-SG; and Mot. to Stay and Emergency Mot. to Lift and Vacate the Status Quo Order in 2019-1003-SG 9:17–10:24, Dkt. No. 488 [hereinafter "May 4 Rulings"].

[2] Def.'s Appl. for Certification of Interlocutory Appeal 1, Dkt. No. 489.

My May 4 bench ruling imposed a stay in this action pending resolution of a criminal investigation against Ms. Perryman (the "Stay").[3]

To the extent Ms. Perryman seeks to contest the "reference" of contempt, consequences of which await the lifting of the Stay, that finding took place on November 9, 2020,[4] and the interlocutory appeal is improper on that basis.[5]

To the extent the request for certification applies to my decision to maintain the stipulated Status Quo Order during the Stay, that Ruling provided that "any party may seek to vacate the status quo order for good cause shown due to a change in circumstances, which I note shall include any lengthy continuance of the stay I have put in place."[6] Therefore, no substantial issue was decided, and no legal right established, by the Rulings of the Court of May 4, 2022.

Accordingly, and pursuant to the review mandated by Supreme Court Rule 42, the certification request is DENIED.

However, to the extent Ms. Perryman seeks to demonstrate that the Status Quo Order should, in equity, be lifted, she should so inform me by June 16, 2022, before 5:00 p.m. Eastern Time. At her request, I will schedule a half-day in-person

---

[3] May 4 Rulings, at 7:15–9:16.
[4] 11-09-20 Tr. of the Oral Arg. and Rulings of the Ct. on Pl.'s and Third-Party Defs.' Mots. to Dismiss Countercls. and Mot. for Contempt of the Status Quo Order 123:13–20, 124:22–125:12, Dkt. No. 381.
[5] *See* Supr. Ct. R. 42(c)(i).
[6] May 4 Rulings, at 10:17–21.

evidentiary hearing on the afternoon of July 8, 2022, at which she may show hardship, changed circumstances, or other equitable reasons to modify the Status Quo Order in light of the Stay.

Sincerely,

/s/ Sam Glasscock III
Vice Chancellor

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE
IN AND FOR SUSSEX COUNTY**

|  |  |  |
|---|---|---|
| STIMWAVE TECHNOLOGIES INCORPORATED, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 2019-1003-SG |
| LAURA TYLER PERRYMAN, GARY PERRYMAN, MICRON DEVICES LLC, a Delaware limited liability company, STIMGUARD MEDICAL CORPORATION, a Delaware corporation, LTP LIMITED, LLC, a Bahamian company, MICRON MEDICAL LLC, a Bahamian company, STIMGUARD LLC, a Florida limited liability company, STIMGUARD MEDICAL CORPORATION, a Florida corporation, PATRICK LARSON, ELIZABETH GREENE, GRAHAM GREENE, BENJAMIN SPECK, RICHARD LEBARON, BRANDYN PERRYMAN, and MARLENE PEÑA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| LAURA TYLER PERRYMAN, GARY PERRYMAN, MICRON DEVICES LLC, a Delaware limited liability company, | ) ) ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| STIMWAVE TECHNOLOGIES INCORPORATED, a Delaware corporation, | ) ) ) | |
| Counterclaim-Defendant. | ) | |

| | |
|---|---|
| LAURA TYLER PERRYMAN, GARY PERRYMAN, MICRON DEVICES LLC, a Delaware limited liability company, | ) ) ) ) |
| Third-Party Plaintiffs, | ) ) |
| v. | ) ) ) |
| KENNEDY LEWIS INVESTMENT MANAGEMENT LLC, SV HEALTH INVESTORS, LLC, PAUL LAVIOLETTE, DR. MARC LOEV, REGGIE GROVES, JEFFREY GOLDBERG, | ) ) ) ) ) ) |
| Third-Party Defendants. | ) |

## ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

This ninth day of June, 2022, the Defendant Laura Tyler Perryman having made application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated May 13, 2022; and the Court having found that such order lacks a substantial issue of material importance that merits appellate review before a final judgment and that none of the criteria of Supreme Court Rule 42(b)(iii) apply;

IT IS ORDERED that the Court's rulings of May 4, 2022, are hereby not certified to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 of that Court.

/s/ Sam Glasscock III
Vice Chancellor